**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LAKEITH AMIR-SHARIF,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-2268-D** |
| | ) | **ECF** |
| **DALLAS SHERIFF'S DEPARTMENT,** | ) | |
| **et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:   This is a *pro se* civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties:  At the time of filing this action, Plaintiff was incarcerated at the Dallas County Jail in Dallas, Texas. He was recently released on pre-trial bond. Defendants are the Dallas County Sheriff Department, Sherif Lupe Valdez, the City and County of Dallas, the Texas Department of Criminal Justice, Felony Report Court Supervisor David Daniels, City Manager Mary Suhm, and Jane or John Doe Dallas County Jail Inmate Records Supervisor. No process has been issued in this case, pending preliminary screening.

Statement of the Case:  The complaint alleges Defendants held Plaintiff beyond his sentences for six days, from August 26, 2005, until September 1, 2005. Plaintiff explains that on

August 25, 2005, he was sentenced in Cause No. F02-73127 to six months imprisonment in a state jail, with credit for all back-time and jail-time served. (Complaint at 4-A). Prior to sentencing he had allegedly served approximately sixteen months, from October 2002 until July 1, 2003, and again from February 11, 2005, until August 25, 2005. (*Id.* at 4-A through 4-B). On August 26, 2005, Plaintiff was also sentenced to time served for a misdemeanor offense for resisting arrest, thus requiring that he be released on that charge as well. (*Id.*). Plaintiff requests monetary, injunctive and declaratory relief.[1]

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."

---

[1]      Plaintiff's release from confinement on pre-trial bond renders his claim for declaratory and injunctive relief moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (inmate's transfer to another prison rendered moot his claim for declaratory and injunctive relief) (citing *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991)).

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Assuming *arguendo* that Plaintiff was held for six days beyond his state jail and misdemeanor sentences, his claim fails to allege a harm of a constitutional magnitude.  *Compare Calhoun v. New York State Div. of Parole*, 999 F.2d 647, 654 (2d Cir. 1993) (unauthorized addition of five days to inmate's sentence did not inflict "a harm of magnitude that violates a person's eighth amendment rights"); *with Sample v. Diecks*, 885 F.2 1099, 1108-1112 (3d Cir. 1989) (Eighth Amendment violation occurred where inmate was incarcerated nine months after expiration of his sentence).  Moreover, it appears that the unauthorized, six-day detention was due to a new computer system at the Dallas County Sheriff Department, which would raise at the most a negligence claim.  It is well established, however, that negligent conduct is not actionable under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995).  As noted in *Sample*, 885 F.2d at 1108, "[u]nforeseeable accidents or inadvertent mistakes may occur during imprisonment, resulting in harms to inmates.  Such accidents or mistakes are a necessary cost of any prison system" and do not violate the Eighth Amendment.

The Court further notes that Plaintiff has not alleged a sufficient physical injury to sustain a claim for damages under 42 U.S.C. § 1997e(e).  *See Harper v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir.1999).[2]  The only injury which Plaintiff could have suffered as a result of being detained for six days beyond the expiration of his sentences was mental pain and suffering.  Accordingly, Plaintiff's complaint lacks an arguable basis in law and should be dismissed with prejudice as

---

[2]      Section 1997e(e) states: "No federal civil action may be brought by a prisoner....for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §§ 1997e(e).

3

frivolous.

This is not Plaintiff's first action. During the last year, Plaintiff has filed seventeen complaints in the Dallas Division of the Northern District of Texas. Two of the complaints were dismissed as frivolous, three other complaints have recommendations from the magistrate judge to dismiss the complaint as frivolous. Plaintiff should be warned that any future frivolous lawsuits may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED with prejudice as frivolous, *see* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) (i), and that his motions to amend the filing fee order, and to provide docket reports for newly filed actions (Docket #7-8) be DENIED as moot.

It is further recommended that Plaintiff be WARNED that any future frivolous lawsuits may result in the imposition of sanctions, including an order prohibiting him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district

judge or magistrate judge.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 20th day of March, 2007.


_WM. F. Sanderson, Jr._
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE



NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.